NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3025

_____

*JACQUELINE SHOEMAKER, in her capacity as
Executrix of the Estate of Arnold M. Stockton, Deceased,

Appellant

v.

JOHN HANCOCK MUTUAL LIFE INSURANCE COMPANY,
now known as UNICARE LIFE AND HEALTH INSURANCE COMPANY

*(Amended per Clerk's Order dated 8/10/04)

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 01-cv-00300E)
District Judge: Honorable Maurice B. Cohill, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
June 30, 2005

Before: NYGAARD, SMITH and FISHER, *Circuit Judges*.

(Filed: July 13, 2005)

_____

OPINION OF THE COURT

_____

FISHER, *Circuit Judge*.

Jacqueline Shoemaker ("Appellant"), Executrix of the Estate of Dr. Arnold M. Stockton ("Dr. Stockton"),[1] appeals from the grant of summary judgment for the defendant John Hancock Mutual Life Insurance Company (now known as UNICARE Life and Health Insurance Company, or "UNICARE") in this action seeking disability insurance benefits. We will affirm, and focus herein on the rationale for our decision.

I.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of a district court's grant of summary judgment and use the same standard as the District Court below – i.e., summary judgment is proper where no genuine issue of material fact exists to be resolved at trial, and where, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law. *Marino v. Industrial Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004). Pennsylvania law applies in this diversity action.

An insured seeking to recover disability benefits under an insurance policy bears the burden to prove that he was disabled within the meaning of the policy while coverage was in effect. *Catalano v. Prudential Ins. Co. of Am.*, 28 A.2d 349, 350 (Pa. Super. 1942) (citing *Perlman v. Metropolitan Life Ins. Co.*, 9 A.2d 432 (Pa. 1939)). When the terms of

---

[1] Dr. Stockton was the original plaintiff, but died after summary judgment was entered. Appellant was thereafter substituted as plaintiff.

the policy are clear, a court may not assign a contrary construction to them. *Sanders v. Allegheny Hospital Parkview Div.*, 833 A.2d 179 (Pa. Super. 2003).

II.

The record on summary judgment reveals the following. On May 1, 1983, Dr. Stockton purchased a long-term disability insurance policy from UNICARE through the American Optometric Association. The policy stated in relevant part:

> 'totally disabled' shall mean the inability of a member to perform the material and substantial duties pertaining to his or her occupation or profession, and that such person is not engaged in any occupation or profession for renumeration or profit, except with respect to those persons engaged in a Partial Recovery Employment. For duration of any period of 'Total Disability,' a member must be under the regular care and attendance of a doctor other than himself or herself.

Dr. Stockton had been treating with Dr. Lobacz in New York for various ailments since 1977. In a letter dated February 17, 1995, Dr. Lobacz had stated "[i]n my opinion, [Dr. Stockton] is temporarily incapacitated from full-time employment." In March 1995, Dr. Stockton moved to Pennsylvania; before that, he was last seen by Dr. Lobacz on March 13, 1995.

On October 29, 1995, Dr. Stockton submitted a claim to UNICARE for disability benefits. In November 1995, UNICARE sent Dr. Lobacz an "attending physician" form, which Dr. Lobacz's office returned, dated January 31, 1996, indicating that Dr. Stockton suffered from various ailments, and was last examined in March 1995. Dr. Stockton paid policy premiums through January 31, 1996, while his claim was pending. On February 9,

3

1996, UNICARE denied the claim for insufficient supporting medical evidence. Dr. Stockton thereafter directed UNICARE through letters dated February 27, 1996 and February 29, 1996, to cancel his policy. UNICARE did so, effective January 31, 1996. Many months later, on December 11-12, 1996, Dr. Lobacz treated Dr. Stockton again, and stated in a letter: "[i]n my opinion, [Dr. Stockton] is unable to perform the material and substantial duties pertaining to his profession, and that [he] is not engaged in any profession for renumeration [sic] or profit." UNICARE, as evidenced by letters in the record, continued to process the claim after its initial denial.

During deposition, Dr. Stockton testified as to his own symptoms. Dr. Lobacz testified that, in his medical opinion based on years of treatment, Dr. Stockton was disabled as of October 1995. However, on cross-examination, Dr. Lobacz admitted that he did not know to a reasonable degree of medical certainty what Dr. Stockton's medical condition had been in any of the months from September 1995 to January 1996. On this record, the District Court granted summary judgment for UNICARE, concluding that Dr. Stockton had failed to submit any expert medical testimony proving total disability between October 1995 and January 1996.[2]

---

[2] Dr. Stockton also submitted Dr. Turbessi as an expert on total disability. As the District Court explained, however, Dr. Turbessi's expert report admitted his inability to form an opinion within a reasonable degree of medical certainty whether Dr. Stockton was disabled during the relevant time period. Appellant assigns no error to the District Court's conclusion that Dr. Turbessi's report simply did not support the claim.

IV.

Appellant assigns two errors related to the policy language and overall framework of the District Court's analysis. First, she contends the District Court erred in applying a standard for "permanent" disability instead of for "total" disability. Appellant is correct that total and permanent disability are two different things under this policy.[3] However, while the District Court cited *Catalano* which involved a claimant seeking both total and permanent disability compensation, and used the term "permanently" in its opinion, Mem. Op. at 4, we are convinced that the District Court understood the type of claim before it and correctly applied the governing legal standards.

Second, Appellant argues that, because UNICARE continued to process the disability claim after its initial denial, the District Court erred in concluding that disability must be established between October 1995 and January 1996 (i.e., the effective date of the cancellation). Under the clear and unambiguous language of the policy, coverage ceased on the last day of the month for which the insured last paid a premium or on the date which the policy is terminated – here, January 31, 1996. This is the last day for which a disability claim could be awarded because coverage exists while a policy is in effect. Notably, however, it is not the last day on which the insured could submit a claim

---

[3] *See also* BLACK'S LAW DICTIONARY (8th ed. 2004) (defining "permanent disability" as "a disability that will indefinitely prevent a worker from performing some or all of the duties that he or she could do before an accident or illness," and "total disability" as "[a] worker's inability to perform employment-related duties because of a physical or mental impairment.").

or on which UNICARE could process a claim for disability that predates a cancellation. The District Court merely concluded that Dr. Stockton could not recover for any disability occurring after January 31, 1996, not that he could not submit a valid claim after that date. We perceive no error.

Appellant also argues three points related to application of the summary judgment standard on this record. First, she contends that, under *Cooper v. Metropolitan Life Ins. Co.*, 186 A. 125 (Pa.1935), a plaintiff asserting a claim to benefits is competent to testify as to his own symptoms. This is true, and Dr. Stockton did so testify. However, state law also requires a plaintiff to provide valid expert medical testimony to prove disability, *see id*. at 128, and this is where Dr. Stockton's claim fails. Dr. Stockton's testimony alone is insufficient to avoid summary judgment.

Second, Appellant contends that, under Federal Rule of Evidence 703, the District Court erred in concluding that Dr. Lobacz could not render an opinion of total disability absent a physical examination during the claimed period of disability. The problem here, however, was not solely that Dr. Lobacz did not physically examine Dr. Stockton in the relevant time frame, but that he admitted an inability to determine to a reasonable degree of medical certainty whether Dr. Stockton was totally disabled at that time. *See Redland Soccer Club, Inc. v. Dept. of the Army of the United States*, 55 F.3d 204, 208-209 (3d Cir. 1991) (in stating a medical opinion, physician must express the opinion with "a

6

reasonable degree of medical certainty"). *This* was the basis on which the District Court rejected Dr. Lobacz's testimony as competent medical evidence in support of the claim.

Finally, Appellant argues that summary judgment was improper because it remains a disputed issue of material fact whether Dr. Stockton was totally disabled during the relevant time period. This argument depends on a reading of Dr. Lobacz's testimony that fails to acknowledge his inability to speak to a reasonable degree of medical certainty on the ultimate issue. We reject this reading and, thus find no genuine issue of material fact precluding summary judgment.

Accordingly, we will affirm the entry of summary judgment in favor of UNICARE.